IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br> *Defendants*. | Civil Action <br><br> No. 24-cv-0036 |

MEMORANDUM OPINION

**Goldberg, C.J.**                                                                                           **October 21, 2024**

## I.      INTRODUCTION

This matter, currently assigned to my colleague, the Honorable Anita B. Brody, comes before me in my capacity as Chief Judge and involves interpretation of the Eastern District of Pennsylvania's Local Civil Rule 40.1. The central issue presented is whether this lawsuit, brought under 42 U.S.C. § 1983, is considered "related" to Plaintiff's previously filed habeas action which involved primarily the same alleged unconstitutional conduct.

From a bird's eye view, a habeas matter, that involves review of a state court homicide conviction, does not appear related to a civil suit for monetary damages. However—and acknowledging our local rules are less than clear on this issue—a careful examination and strict interpretation of the existing language of Local Civil Rule 40.1(IV)(a)(ii) leads me to conclude that the matters in question are related and should remain with Judge Brody.

1

## II.    BACKGROUND

In the civil rights matter, Plaintiff William Johnson filed suit against individual police detectives, the City of Philadelphia, and the Philadelphia District Attorney's office ("the City") asserting claims under § 1983 for various constitutional violations, and a state law claim against individual police detectives for malicious prosecution. Plaintiff alleges that police detectives fabricated evidence through coercion and threats, initiated prosecution without probable cause and with malice, and suppressed exculpatory and impeaching evidence. Plaintiff claims the City of Philadelphia failed to properly train, supervise, and discipline police officers. Plaintiff also alleges the Philadelphia District Attorney's office failed to properly train, supervise, and discipline prosecutors, who failed to disclose exculpatory and impeachment evidence. (Am. Compl. ¶¶ 92-96.)

When filing his civil rights case, Plaintiff designated it as related to the habeas case of Johnson v. Lamas, et al., No. 12-5156, Doc. 36 (E.D. Pa. filed Sep. 10, 2012) and it was therefore assigned to Judge Brody under Local Civil Rule 40.1(V)(a).

In the habeas matter, Plaintiff alleged that his Sixth Amendment right to confrontation was violated at his retrial when his co-defendant's out-of-court statements were introduced. Johnson v. Lamas, et al., No. 12-5156, Doc. 36 (E.D. Pa. filed Sep. 10, 2012); (Id. ¶ 7.) In her first ruling, Judge Brody denied relief. Although Judge Brody found a violation of the Confrontation Clause had occurred, she concluded it was a "harmless error" because there were two other witnesses (Brenda Bowens and Nora Williams) that testified to the same facts. (Id. ¶ 9.)

However, in 2020, after one of the two witnesses recanted her trial testimony, Plaintiff filed a petition for review under Pennsylvania's Post-Conviction Relief Act (PCRA). 42 Pa.C.S. § 9541; (Id. ¶ 10.) Plaintiff purportedly discovered exculpatory and impeachment evidence in the

prosecution's trial file that was never disclosed to the defense. (Id. ¶ 10.) Based on this newly discovered evidence, Plaintiff moved under Fed. R. Civ. P. 60(b) to reopen his habeas proceedings before Judge Brody. (Id. ¶ 13.) Thereafter, Plaintiff's counsel and the Philadelphia District Attorney's office presented a Joint Motion and Joint Stipulation to grant habeas relief and vacate the conviction. Johnson v. Lamas, et al., No. 12-5156, Doc. 36 (E.D. Pa. filed Sep. 10, 2012). Judge Brody agreed, vacated the murder conviction, and granted a new trial. (Id. ¶ 63.) That trial never occurred, however, as the District Attorney's office filed a motion to nolle pros the murder charges, which was granted in the Philadelphia Court of Common Pleas on June 8, 2023. (Id. ¶ 64.)

The City challenges Plaintiff's designation of the civil case as related to the habeas matter and has filed a Motion urging that the instant civil rights case be randomly assigned to another judge.

### III. DISCUSSION

Federal District Court Chief Judges are "responsible for observance of rules and orders dividing the business of the court" and must "assign cases to the extent that the court's rules and orders do not otherwise prescribe." Compendium of Chief Judge Authority at 106 (citing 28 U.S.C. § 137).

Local Civil Rule 40.1 governs the assignment and reassignment of related cases. If an attorney marks a case as related at the time of filing, "the assignment clerk shall assign the case to the same judge to whom the earlier numbered related case is assigned." L. Civ. R. 40.1(V)(a). Once assigned, defense counsel may, as was done here, raise the issue of relatedness by filing a

motion in opposition and delivering a copy to the Chief Judge, who "shall decide the issue of relatedness in consultation with the assigned judges." L. Civ. R. 40.1(IV)(c).[1]

Newly filed cases are related to a prior filed civil case if they "involve a transaction or occurrence which was the subject of an earlier numbered suit." L. Civ. R. 40.1(IV)(a)(ii). This rule promotes judicial efficiency by allowing a judge familiar with the facts of a case to consider all related actions arising from the same transaction or occurrence. See Sellers v. Timoney, No. 01-3804, 2002 U.S. Dist. LEXIS 25712, at *9 (E.D. Pa. Feb. 7, 2002). But "Rule 40.1 should be applied sparingly because the policies underpinning the system of random assignment encourage transparency, fairness, and avoiding the appearance of arbitrariness." Sherfey v. Johnson & Johnson, No. 12-4162, 2012 U.S. Dist. LEXIS 116283, at *7 (E.D. Pa. Aug. 17, 2012).

While the City does not deny that there are factual similarities between the two cases, it cites policy reasons in favor of randomly assigning a civil suit for damages filed after a grant of habeas relief. The City argues that if such actions are deemed related, civil defendants would be placed at a significant disadvantage because they would be forced to litigate in front of a district court judge that already found a constitutional violation occurred.

The City also urges that Local Civil Rule 40.1(IV)(a)(ii) should not apply to habeas proceedings because these are "hybrid actions" that are subject to different procedural rules than other civil suits. See Santana v. United States, 98 F.3d 752, 754-55 (3d Cir. 1996) (collecting cases in which habeas proceedings are treated differently from other civil actions for service of process under 28 U.S.C § 1391(e), civil discovery rules, and award of attorney fees under the Equal Access

---

[1] Pursuant to this rule, I have consulted with Judge Brody who concurs with my conclusions. I also note that the Honorable Gerald A. McHugh has a similar matter on his docket wherein the parties have agreed to pause that litigation on the "related" issue pending my decision in this case. I have also consulted with Judge McHugh who agrees with my reasoning.

4

to Justice Act). For example, in an ordinary civil suit the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In contrast, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." U.S. R. Gov'g 2254 Cases, R.2(c). The City stresses that habeas proceedings are used to challenge the validity or duration of confinement in prison, making them distinct from ordinary civil suits for damages.

Despite these differences, I note that habeas actions are technically civil in nature. Banister v. Davis, 590 U.S. 504, 507 (2020). The Federal Rules of Civil Procedure apply to habeas cases "to the extent the [civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." Mayle v. Felix, 545 U.S. 644, 654 (2005) (quoting U.S. R. Gov'g 2254 Cases R.11); see Banister v. Davis, 590 U.S. 504, 523 (2020) (holding Fed. R. Civ. P. 59(e) applies to habeas proceedings); see also In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (concluding habeas actions are "civil" under 28 U.S. Code § 1404(a) governing change of venue because "habeas corpus petitions are technically civil actions" and there is "no reason why that section should not apply to them.").

Technicalities aside, I note that circuit courts seem to be divided over whether substantively, habeas matters are in fact civil in nature. The Second and Ninth Circuits have found that habeas actions challenging immigration-related detention are "civil actions" under the Equal Access to Justice Act (EAJA), while the Fourth and Fifth Circuits have concluded habeas actions are "hybrid" in nature and, thus, excluded as civil actions under the EAJA. See Abioye v. Oddo, No. 23-cv-0251, 2024 U.S. Dist. LEXIS 174205, at *7 (W.D. Pa. Sep. 26, 2024). Agreeing with the reasoning of the Second and Ninth Circuits, a Western District of Pennsylvania Court noted that the EAJA expressly excludes tort actions but does not specifically exclude habeas actions from

its scope. Id. at *8. The Third Circuit has explained that whether the phrase "civil action" in a statute or rule encompasses habeas proceedings depends on the context. Santana, 98 F.3d at 755 (concluding that the phrase "civil action" in the Prison Litigation Reform Act does not include habeas proceedings). Under Santana, whether the phrase "civil case" includes habeas proceedings hinges on the language and purpose of Local Civil Rule 40.1. Id.

Local Civil Rule 40.1(IV), as currently written, states:

IV. Related Cases
    (a) Newly filed cases are related to a prior civil case if they:
        (i) involve property included in an earlier numbered suit;
        (ii) involve a transaction or occurrence which was the subject of an earlier numbered suit;
        (iii) involve the validity or infringement of a patent which was the subject of an earlier numbered suit;
        (iv) are filed by the same *pro se* individual as an earlier numbered suit, other than a habeas or social security action;
        (v) are filed by the same habeas petitioner, whether proceeding *pro se* or with counsel; or
        (vi) involve a social security appeal filed by the same individual, whether proceeding *pro se* or with counsel.

Reading this language and applying the precedent referenced previously regarding whether habeas matters are "civil," the City contends the phrase "prior filed civil case" does not include habeas actions and thus, the "transaction or occurrence" language in section (IV)(a)(ii) is inapplicable. After examining the entirety of Local Civil Rule 40.1(IV)(a), I disagree with the City and conclude that "prior filed civil case[s]" can include habeas actions.

Subsection (iv) states that a newly filed case is related if it is "filed by the same *pro se* individual as an earlier numbered suit, *other than a habeas or social security action*." L. Civ. R. 40.1(IV)(a)(iv) (emphasis added). The fact that habeas actions are expressly excluded in subsection (iv) necessarily implies that habeas actions are included in any other subsection without

such language. See Russello v. United States, 464 U.S. 16, 23 (1983) (quoting United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)) ("[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). Moreover, subsection (v) states that a newly filed case and a prior filed civil case are related if they are "filed by the same habeas petitioner." L. Civ. R. 40.1(IV)(a)(v). This language indicates that the previously filed "civil case" can include a habeas action. In short, I conclude that the most logical reading of Local Civil Rule 40.1(IV)(a) is that the phrase "prior filed civil case[s]" includes habeas actions.

The purpose behind Local Civil Rule 40.1 supports this construction. At its core, the "related case" rule calls for assignment to the same judge to promote efficient case management. Sellers, 2002 U.S. Dist. LEXIS 25712, at *3. Here, Judge Brody oversaw Plaintiff's habeas proceedings for over ten years in a protracted case where new evidence was considered by her before she ultimately granted relief in a Rule 60(b) motion. It would be a tall task for a new judge to absorb ten years of habeas litigation which typically requires reviewing the entire state and federal court record. Assigning the subsequent civil suit to Judge Brody saves time and judicial resources that would otherwise be spent by a new judge to get up to speed.

While the random case assignment process also serves an important function, "litigants do not have a right to have their case heard by a particular judge, have no right to a particular judge-selection procedure, and do not have a right to a randomly selected judge." In re Brown, 577 F. App'x 89, 90 (3d Cir. 2014). Assigning a judge familiar with the underlying habeas proceedings

increases judicial efficiency because the judge will already be well-informed on the underlying facts of the case.[2]

Because I conclude that as written, Local Civil Rule 40.1(IV)(a)(ii) includes habeas matters, I must now determine whether Plaintiff's newly filed § 1983 case "involve[s] a transaction or occurrence which was the subject of" his previously filed habeas action.

In the context of Local Civil Rule 40.1, "[c]ases involving the same issue of fact or growing out of the same transaction do not need to be identical, but the central events of the case must have a core of similarity."[3] Moore v. Rite Aid Hdqtrs Corp., No. 13-1515, 2013 U.S. Dist. LEXIS 129491, at *4 (E.D. Pa. Sept. 11, 2013). Therefore, courts primarily focus on similarities between the factual issues, not legal theories, to determine whether cases are related. See Sherfey v. Johnson & Johnson, 2012 U.S. Dist. LEXIS 116283, at *5-6 (E.D. Pa. Aug. 17, 20P12) (finding two cases unrelated where factual issues were distinct); Ignatyev v. Chertoff, No. 08-1547, 2008 U.S. Dist. LEXIS 31573, at *6-7 (E.D. Pa. Apr. 16, 2008) ("Similarity of legal theories and defendants, however, do not suffice to make cases related under Local Rule 40.1.").

---

[2] District courts have broad discretion in adopting and interpreting local rules furthering judicial efficiency. See Nepsk, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002) (quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir.1994)) ("We have recognized that 'district courts enjoy broad latitude' in adopting and administering such local rules."); In re Adams, 734 F.2d 1094, 1099 (5th Cir. 1984) ("[C]ourts have held that a broad discretion exists in adopting rules to promote efficiency in the court."); In re Marshall, 721 F.3d 1032, 1040 (9th Cir. 2013); Martinez v. Thrifty Drug & Disc. Co., 593 F.2d 992, 994 (10th Cir. 1979).

[3] A prior version of Local Civil Rule 40.1 stated that civil cases are related if the new case "involves the same issue of fact or grows out of the same transaction as another suit." Moore v. Rite Aid Hdqtrs Corp., No. 13-1515, 2013 U.S. Dist. LEXIS 129491, at *4 (E.D. Pa. Sept. 11, 2013) (citing Local Civil Rule 40.1(b)(3)(A)). The current version of Local Civil Rule 40.1 replaces "issue of fact" with "occurrence," but the main consideration remains whether the two cases arise from the same factual issue. See Comcast Spectacor, LLC v. Factory Mutual Insurance Company, No. 23-2476, 2023 U.S. Dist. LEXIS 144683, at *2-4 (E.D. Pa. Aug. 10, 2023) (finding the two cases were not related because they did not share the "same factual issue").

The Sellers case is instructive. There, the court considered whether four cases alleging similar constitutional violations at the 2000 Republican National Convention were related under Local Civil Rule 40.1. Sellers, 2002 U.S. Dist. LEXIS 25712, at *1. The court concluded three of the cases were related because they arose from the same transaction—all three plaintiffs were arrested during a search of a warehouse where they were preparing for political demonstrations. Id. at *9. The fourth case was randomly reassigned because, even though the alleged events took place at the Republican National Convention, the plaintiff's claims did not arise from the warehouse raid. Id. at *10. Rather, in the fourth case, the plaintiff's arrest and detention "took place at a different time and place and under different circumstances" than the other three cases. Id. Despite similarities in legal theories, Local Civil Rule 40.1 did not apply in the fourth case because of its factual differences.[4] Id.

In the habeas proceedings, Judge Brody granted Rule 60(b) relief, finding the prosecution suppressed evidence that demonstrated harm from the constitutional violation at trial. The newly discovered evidence included pre-trial letters from Bowens explaining that her statement was false and coerced by police. (Am. Compl. ¶ 11.)

In the civil rights case, Plaintiff's § 1983 claims arise from the same alleged suppression of evidence and police coercion of witnesses. Both cases involve the same factual issues, including specific instances of police and prosecutorial misconduct. The difference between the two cases lies in the remedy sought—one seeking release from incarceration and a vacated homicide

---

[4] The Federal Rules of Civil Procedure references "transaction or occurrence" in the context of relation back. Fed. R. Civ. P. 15(c)(1)(b) (stating that a pleading amendment relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence" alleged in the original pleading). In Mayle, the Supreme Court concluded that original and amended habeas claims arise from the same "conduct, transaction, or occurrence" when both claims "are tied to a common core of operative facts." 545 U.S. 644, 664 (2005).

conviction, and the other damages. Nevertheless, the alleged factual circumstances underlying the harm are the same.

Given the factual similarities between the two cases, I am persuaded they are related under Local Civil Rule 40.1. Accordingly, I find Plaintiff's habeas proceedings and the § 1983 suit were properly designated as related under Local Civil Rule 40.1.[5]

An appropriate order follows.

---

[5] I will refer the issue of relatedness of a habeas matter and subsequent civil rights suit to our court Civil Business Rules Committee, chaired by the Honorable Gerald A. McHugh, to determine whether Local Civil Rule 40.1 should be revised.