## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JOHNSON, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 24-36 |
| | : | |
| CITY OF PHILADELPHIA et al., | : | |
| Defendants. | : | |

## EXPLANATION AND ORDER

Plaintiff William Johnson spent eighteen years in prison for a murder he did not commit. He brings a civil rights action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia ("City"), the Philadelphia District Attorney's Office (DAO), and current and former City detectives in their individual capacities (collectively, "Defendants"), alleging that his wrongful conviction and imprisonment resulted from police and prosecutorial misconduct. The DAO moves for judgment on the pleadings and asks the Court to dismiss Johnson's claims against it. For the reasons stated below, the Court will grant the Motion for Judgment on the Pleadings and grant Johnson's request to amend his complaint.

## I.    BACKGROUND

On August 25, 2006, Terrence Flomo, an off-duty Philadelphia police officer, was shot and killed. Second Am. Compl. (hereinafter "SAC") ¶ 2. Two witnesses for the government were coerced into implicating Johnson alleges and his co-defendant. *Id.* at ¶ 4. Prior to Johnson's trial, one witness, Brenda Bowens, wrote to DA Abraham and trial prosecutor Carlos Vega that her statements implicating Johnson were false and coerced by the detective Defendants. *Id.* at ¶ 39. DA Abraham received the letter but did not disclose it to Mr. Johnson or direct the trial prosecutor, Carlos Vega, to disclose it. *Id.* at ¶ 40. Instead, after Vega questioned the letter's

1

credibility, Abraham and Vega chose not to disclose it. *Id.* Vega suppressed other critical Brady evidence, including the report from a court-ordered competency evaluation of the other coerced witness, Nora Williams, finding that she suffered from a "Psychotic Disorder – NOS [not otherwise specified], as well as auditory hallucinations." *Id.* at 42–43. Evidence regarding financial incentives provided to Bowens and Williams was also suppressed. *Id.* at 44. Johnon was convicted of third-degree murder in 2009. *Id.* at ¶ 62. He did not discover the suppressions until Bowens recanted her testimony in 2020 and Johnson petitioned for post-conviction relief, leading the prosecution to produce the DAO's files. *Id.* at 68–69. After eighteen years in custody, he was released in 2023. *Id.* at 76.

On January 4, 2024, Johnson filed a Complaint in this Court. He most recently amended his Complaint on October 23, 2024. Second Am. Compl., ECF No. 50 (hereinafter "SAC"). On November 21, 2025, the DAO filed a Motion for Judgment on the Pleadings. ECF No. 78. (hereinafter "MJOP"). Johnson filed a Response in Opposition on December 5, 2025. ECF No. 82 (hereinafter "Plf.'s Resp."). The DAO filed a Reply on December 15. ECF No. 84.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008). There is "no material difference in the applicable legal standards" for a motion for judgment on the pleadings under Rule 12(c) and a motion to dismiss under Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

To survive dismissal under Rule 12(b)(6), a complaint must allege facts that, if true,

would support a plausible legal claim under existing law. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim that is "plausible on its face" permits a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When addressing a motion to dismiss, the Court accepts all factual allegations in the Complaint as true. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

## III.    DISCUSSION

The DAO's motion argues that: (1) The DAO is not an entity subject to § 1983 liability; and (2) in the alternative, the DAO is entitled to absolute immunity. Johnson counters that: (1) The DAO is a proper party, or alternatively, Johnson should be able to amend his complaint and substitute DA Abraham as a Defendant in her official capacity; and (2) the DAO is not immune from municipal liability under *Monell*.

### i.    § 1983 Liability

The DAO argues that it is not subject to § 1983 liability because (1) The DAO has no separate legal identity from the City (citing 53 P.S. § 16252); and (2) *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir.1997) supports the DAO's conclusion and forecloses § 1983 liability.

In *Reitz*, the Third Circuit found that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability." 125 F.3d 139, 148 (3d Cir.1997). Several non-binding cases within the Third Circuit have cited *Reitz* to conclude that DA's offices including the

Philadelphia DAO are not subject to § 1983 liability.[1]  Johnson urges the Court to consider *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694 (E.D. Pa. 2015).  *Sourovelis* held that the DAO is subject to § 1983 liability, concluded that the DAO is a separate entity from the City based on state law (16 P.S. §§ 7701–7742), and characterized the opposite holding in *Reitz* as dicta.  *Id.* at 720–12.  However, *Sourovelis* is only persuasive authority, and the Court will follow the consensus within this Circuit that *Reitz* controls.

Johnson argues that we should not dismiss the DAO because the issue of DAO's status as a separate municipal entity is pending before the Pennsylvania Supreme Court.  Plf.'s Resp. 8, n. 2.  In this pending case, *Krasner v. Henry*, No. 49 EAP 2024, Philadelphia DA Larry Krasner seeks summary relief from Act 40, a state law that appoints a special prosecutor to handle criminal matters within the Southeastern Pennsylvania Transportation Authority (SEPTA).  In reaching its holding that Act 40 is constitutional, the Commonwealth Court ruled that the DA is an officer of the City, based in part on the City's home rule charter.  *Krasner v. Henry*, 319 A.3d 56, 77–78 (Pa. Commw. Ct. 2024).   Additionally, the court explained that the Pennsylvania Constitution does not grant a DA in a home rule municipality any independent power. *Id.* at 76.  Therefore, the state legislature could regulate performance of the DA's duties through Act 40.

---

[1] *See, e.g., Fake v. Pennsylvania*, No. 25-1798, 2025 WL 2741856, at *2 (3d Cir. Sept. 26, 2025) ("The District Court properly found. . .the Philadelphia District Attorney's Office is not a separate entity that can be sued under § 1983") (citing *Reitz*); *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983.") (citing *Reitz*); *Lombardo v. Cty. of Lehigh*, No. 24-CV-4742, 2024 WL 4437821, at *5 (E.D. Pa. Oct. 7, 2024) ("[T]he Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983.") (citing *Reitz*); *Ellakkany v. The Common Pleas Ct. of Montgomery Cnty.*, 658 F. App'x 25, 28 (3d Cir. 2016) (holding that the Montgomery County DAO "is unlikely to survive as a defendant because the department would not be considered separate from the municipality itself.") (citing *Reitz*); *Est. of Tyler ex rel. Floyd v. Grossman*, 108 F. Supp. 3d 279, 288 (E.D. Pa. 2015) ("While the Estate invites this Court to follow *Sourovelis*. . .it is the Third Circuit's decision in *Reitz*. . .that controls here.").

*Id.* at 77-78.  DA Krasner, the DAO, and the City appealed the decision to the Pennsylvania

Supreme Court. *See* Notice of Appeal, 49 EAP 2024 (July 10, 2024).

Johnson cites another case in this District, *Brown v. City of Philadelphia*, for guidance on

how to proceed as to the DAO while *Henry* is on appeal.  No. 24-1019, 2025 WL 2099224 (E.D.

Pa. July 24, 2025).  In *Brown*, the District Court denied the DAO's motion to dismiss in a § 1983

action raising similar grounds for dismissal as the DAO raises here.  No. 24-1019, 2025 WL

2099224 (E.D. Pa. July 24, 2025).  Citing *Henry*, the court stated that the Commonwealth

Court's ruling "indicates that perhaps the DAO is not an entity separate from the City and thus

not independently amenable to suit." 2025 WL 2099224, at *6.  However, because *Henry* is on

appeal, the District Court declined to dismiss the DAO at the motion to dismiss stage. *Id.* at *7.

Relying on *Brown*, Johnson argues that whether the DAO maintains an independent legal

identity from the City is an "evolving question." Plf.'s Resp. 8, n. 2.

Whether a defendant can be sued as a municipal entity under § 1983 is a question of state

law. *See McMillian v. Monroe Cnty.*, 117 S.Ct, 1734, 1736 (1997).  However, the Court finds

that *Henry* does not squarely answer this question.  *Henry* concerns whether the state may

exercise some degree of control over the DA's prosecutorial functions and duties, not whether an

individual may maintain a private civil lawsuit over the DAO.  Although the state's ability to

regulate the DAO may impact the DAO's independence over prosecutorial duties, the outcome

of *Henry* does not necessarily foreclose all other considerations as to the DAO's liability as a

municipal entity under § 1983.  Nor does it displace the holding in *Reitz*, which binds this Court,

that District Attorneys Offices are not independent entities that can be sued under § 1983

separate and apart from the municipality in which they are located.  Therefore, the Court finds

that the DAO is not a proper party for § 1983 liability.  Accordingly, the Court does not reach the

issue of prosecutorial immunity.

ii. Leave to Amend Complaint

As requested by Plaintiff, the Court will grant Johnson leave to amend his complaint.

**IV.    CONCLUSION**

For the reasons stated above, the Court grants the DAO's Motion for Judgment on the

Pleadings.  The Court will allow Johnson to amend his complaint.

## <u>ORDER</u>

**AND NOW,** this 14th day of January, 2026, upon consideration of Defendant's Motion for Judgment on the Pleadings (ECF No. 78), it is **ORDERED** that the motion is **GRANTED**. Plaintiff may amend his complaint on or before **February 3, 2026**.


__s/ANITA B. BRODY, J. ____
ANITA B. BRODY, J.